IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | | |
|---|---|---|
| **RAJNEESH KAPOOR AND SHEILLY KAPOOR,** | ) ) ) | CIVIL ACTION NO. |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | JUDGE: |
| **UNKNOWN DEFENDANTS 1-10,** | ) ) | COMPLAINT |
| **Defendants.** | ) ) | JURY TRIAL DEMANDED |

## COMPLAINT

Come now the Plaintiffs, Rajneesh Kapoor and Sheilly Kapoor, by and through Counsel, and for this Complaint against the Defendants, state as follows:

## PARTIES

1. The Plaintiff, Rajneesh Kapoor, is and was at all times relevant, a resident and citizen of Mumbai, India.

2. The Plaintiff, Sheilly Kapoor, is and was at all times relevant, a resident and citizen of Mumbai, India.

3. Upon information and belief, the Unknown Defendants 1-10 are residents and citizens of unknown states within the United States.

## JURISDICTION AND VENUE

4. The incidents which form the basis of this litigation occurred on or about **DATE** via the internet.

5. Content was published by Unknown Defendants from an unknown location, using a website, mrsindiaqueens.co.in, published through Namecheap.com, a Delaware corporation, headquartered in Phoenix, Arizona.

6. Content was published by Unknown Defendants from an unknown location using another application, whatsapp, an internationally available application owned by an American, publicly owned company, Meta Platforms, which is headquartered in Menlo Park, California.

7. Subject matter of this action, therefore, arises under 28 U.S.C. § 1332. Upon information and belief, the parties are citizens of different states, and the amount in controversy between the parties exceeds the sum of $75,000, exclusive of interest and costs.

8. The Court has personal jurisdiction over the Unknown Defendants because the Defendants have transacted business with companies doing business in this jurisdiction. Furthermore, publication of the alleged content by the Unknown Defendants was achieved via companies, servers, and Internet connections which all have ties to this venue.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because, *inter alia*, the events and content giving rise to Plaintiffs' claims all occurred over the internet, which would have been available in this district and because Defendants have chosen to avail themselves of websites available in this forum.

**FACTUAL BACKGROUND**

10. Plaintiff Sheilly Kapoor ("Sheilly") received three separate emails from info@mrsindiaqueens.co.in on June 16, 2022, June 19, 2022, and June 23, 2022.

11. On or about June 23, 2022, Sheilly received an email from info@mrsindiaqueens.co.in with the Subject Line "Your New Post."

12. When Sheilly clicked on the link included in the email, she realized the email was a phishing email and her contacts had been hacked.

13. The email had led Sheilly to an apparently fake Facebook page for "Dr. Sheilly Kapoor" which had offensive and lewd comments regarding Sheilly on it.

14. Within a few days of this phishing email incident, Sheilly's contacts on the application whatsapp began receiving anonymous messages about her.

15. The messages included the following:

   a. Images of a naked woman with Sheilly's face superimposed on her;

   b. A video of the same naked woman with Sheilly's face superimposed on her, which progressed through a series of lewd poses, including graphic close up images of her genitals;

   c. The images also had a link to "Pornhub," a porn website, with a "handle" including Plaintiff Sheilly Kapoor's name.

   d. A message stating "Don't be like Sheilly Kapoor,,,,, and cross the person helping you in your illegal activities ….. Especially when you leave behind proof of being a heartless manipulative human!!"

   e. A message stating "When Sheilly Kapoor finds guilty pleasures in young boys. Contact below for MILF service." The message then gave two phone numbers for contact that belong to both Plaintiffs.

16. Sheilly and Plaintiff Rajneesh Kapoor ("Rajneesh") had contacts through whatsapp sending them the messages and asking about them.

17. Upon information and belief, Unknown Defendant 1 created the mrsindiaqueens.co.in website with the sole purpose of sending a phishing email to Sheilly to gain access to her contacts.

18. The domain name for the mrsindiaqueens.co.in website was bought through namecheap.com, a Delaware corporation headquartered in Phoenix, Arizona.

19. Upon information and belief, Unknown Defendant 1 used the contact information gained through the phishing email to send the contact to Sheilly's whatsapp contacts.

20. The content was sent through whatsapp, an internationally available application owned by an American, publicly owned company, Meta Platforms, which is headquartered in Menlo Park, California.

21. Upon information and belief, there are others, Defendants 2-10, conspiring with and assisting Defendant 1.

22. The content sent by Unknown Defendants about Sheilly Kapoor is false.

23. The content sent by Unknown Defendants about Sheilly Kapoor is defamatory.

24. Sheilly and Rajneesh have suffered damages as a result of Unknown Defendants' actions.

## COUNT I – DEFAMATION

25. Plaintiffs incorporate by reference paragraphs 1-22 as if fully set forth herein.

26. Unknown Defendants made disparaging statements about Plaintiff Sheilly to third parties via Sheilly's whatsapp contacts.

27. Unknown Defendants stated that Plaintiff Sheilly "finds guilty pleasures in young boys. Contact below for MILF service."

28. Unknown Defendants repeated these statements to multiple third parties via Plaintiff Sheilly's whatsapp contacts.

29. Unknown Defendants made these comments with knowledge of their falsity or, alternatively, in complete reckless disregard for the truth.

30. Because Unknown Defendants' comments implies that Plaintiff Sheilly has engaged in a crime, Unknown Defendants' comments constitute slander *per se*.

31. Plaintiffs have suffered humiliation, mental anguish, and loss of reputation in the community.

32. Plaintiffs are entitled to compensatory and punitive damages, reimbursement, attorneys' fees, costs, and expenses, and other relief as set forth in Plaintiffs' prayer for relief.

## COUNT II – TORT OF INTRUSION

33. Plaintiffs incorporate by reference paragraphs 1-22 as if fully set forth herein.

34. Plaintiff Sheilly had a legitimate expectation of privacy in her phone.

35. Plaintiff Sheilly had a legitimate expectation of privacy in her email.

36. Plaintiff Sheilly had a legitimate expectation of privacy in her contacts list, in either her phone or whatsapp.

37. Unknown Defendants accessed Plaintiff Sheilly's email, phone, and contacts without her permission.

38. Unknown Defendants accessed this permission for the purpose of harming Plaintiffs.

39. Such intrusion is highly offensive to a reasonable person.

40. Plaintiffs have suffered harm as a result of Unknown Defendants' actions.

## COUNT III – FALSE LIGHT

41. Plaintiffs incorporate by reference paragraphs 1-22 as if fully set forth herein.

42. Unknown Defendants published pictures of a naked woman with Plaintiff Sheilly's face superimposed upon the image.

43. These pictures were lewd and obscene.

44. Unknown Defendants then published those pictures to Plaintiffs' contacts.

45. The images had a link imposed upon it referencing "Pornhub," a porn website, with Plaintiff Sheilly's name included in a "handle," implying Plaintiff Sheilly had a Pornhub account with further naked images and videos.

46. The content Unknown Defendants sent out placed Plaintiff Sheilly in a false light.

47. The false light – being in pornography – would be highly offensive to a reasonably person.

48. Unknown Defendants knew or acted in reckless disregard as to the falsity of the publicized matter and the false light in which it would place Plaintiff Sheilly.

49. Plaintiffs have suffered harm as a result of Unknown Defendants' publication placing Plaintiff Sheilly in a false light.

50. Plaintiffs are entitled to compensatory and punitive damages, reimbursement, attorneys' fees, costs, and expenses, and other relief as set forth in Plaintiffs' prayer for relief.

## COUNT IV – STALKING

51. Plaintiffs incorporate by reference paragraphs 1-22 as if fully set forth herein.

52. Unknown Defendants' messages threatened Plaintiff Sheilly with an implicit threat of sexual violence.

53. Unknown Defendants sent a series of messages and communications of a sexual nature to Plaintiffs' contacts.

54. Unknown Defendants' messages and communications had no legitimate purpose.

55. Unknown Defendants intended to annoy, alarm, threaten, and intimidate Plaintiffs through their conduct.

56. Under Ky. Rev. Stat. § 508.150, Unknown Defendants stalked Plaintiffs.

57. Pursuant to Ky. Rev. Stat. § 411.220, Plaintiffs have a private cause of action against Unknown Defendants for actual damages, punitive damages, court costs, and reasonably attorneys' fees.

## COUNT V – HARASSMENT

58. Plaintiffs incorporate by reference paragraphs 1-22 as if fully set forth herein.

59. Unknown Defendants engaged in a course of conduct that qualified as harassment under Ky. Rev. Stat. § 525.070 as harassment.

60. Unknown Defendants sent a series of communications intended to alarm Plaintiffs.

61. Unknown Defendants' attempts to communicate with Plaintiffs served no legitimate purpose.

62. Unknown Defendants intended to annoy Plaintiffs through their conduct.

63. Unknown Defendants harassed Plaintiffs through their conduct.

64. Plaintiffs have suffered damages as a result of Unknown Defendants' harassment.

65. Pursuant to Ky. Rev. Stat. § 446.070, Plaintiff may recover damages as a result of Unknown Defendants' harassment.

## COUNT VI – UNLAWFUL ACCESS TO COMPUTER/PHISHING

66. Plaintiffs incorporate by reference paragraphs 1-22 as if fully set forth herein.

67. Unknown Defendants, without consent of either Plaintiff, accessed the computer software of Plaintiff Sheilly.

68. Unknown Defendants utilized a phishing email to gain access to Plaintiff Sheilly's computer systems.

69. Unknown Defendants accessed Plaintiff Sheilly's phone contacts.

70. Upon information and belief, Unknown Defendants may have used the phishing email to access other private information from Plaintiff Sheilly's email.

71. Unknown Defendants accessed Plaintiff Sheilly's computer systems for the purpose of executing a scheme to defraud Defendants and cause them harm.

72. Unknown Defendants have committed the crime of unlawful access to a computer in the first degree pursuant to Ky. Rev. Stat. § 434.845.

73. Pursuant to Ky. Rev. Stat. § 446.070, Plaintiff may recover damages as a result of Unknown Defendants' actions.

74. Plaintiffs have suffered damages as a result of Unknown Defendants' actions.

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

75. Plaintiffs incorporate by reference paragraphs 1-22 as if fully set forth herein.

76. Unknown Defendants have engaged in a course of conduct intended to cause harm and emotional distress to Plaintiffs.

77. Unknown Defendants published defamatory content of a sexual nature to Plaintiffs' friends and family.

78. Unknown Defendants' actions shock the conscience and should be considered intolerable in a civil society.

79. Plaintiffs have suffered severe emotional distress as a result of Unknown Defendants' actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Rajneesh Kapoor and Sheilly Kapoor, hereby demand as follows:

A) For a trial by jury on all issues so triable;

B) For judgment against Unknown Defendants on all counts;

C) For compensatory damages, punitive damages, costs, and reasonably attorneys' fees;

D) For pre- and post-judgment interest as appropriate;

E) For any and all other relief to which Plaintiffs may be entitled.

Respectfully submitted,

*/s/ Erica F. Blankenship*
David Steele (KBA # 85017)
N. Jeffrey Blankenship (KBA # 05795)
Erica F. Blankenship (KBA # 96369)
Ziegler & Schneider, PSC
541 Buttermilk Pike, Suite 500
PO Box 175710
Covington, KY 41017
(859) 426-1300
dsteele@zslaw.com
njblankenship@zslaw.com
efblankenship@zslaw.com

*Counsel for Plaintiffs*